# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0684V
UNPUBLISHED

| | |
|---|---|
| NATHAN MATHEWS,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: July 14, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jessi Carin Huff*, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.

*Jamica Marie Littles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 12, 2021, Nathan Mathews filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on October 21, 2019. Petition at 1, 3. Petitioner further alleges the vaccine was administered in the United States, his injuries have lasted more than six months, and neither Petitioner, nor any other party, has ever brought an action or received compensation for his vaccine-related injuries. Petition at ¶¶ 17, 19-20; Ex. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 14, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On July 14, 2022, Respondent filed a proffer on award of

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $115,000.00. Proffer at 7. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $115,000.00 (all of which is for pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.